UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

| | |
|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC ) ) ) and ) ) LOCATION BASED SERVICES LLC, ) ) Plaintiffs, ) ) v. ) ) UNITED STATES CELLULAR ) CORPORATION, ) ) Defendant. ) | Case No. 3:09-cv-00007<br><br>Judge John P. Bailey<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs EMSAT Advanced Geo-Location Technology, LLC ("Emsat") and Location Based Services LLC ("LBS"), for their Complaint against United States Cellular Corporation ("US Cellular") allege as follows:

## INTRODUCTION

1. This case is based upon the infringement of United States patents that disclose and claim inventions that were created in Youngstown, Ohio by employees of what was then a small regional wireless telephone service provider, named Sygnet Communications, Inc. Until Sygnet was acquired by a larger wireless carrier in 1998, it was headquartered in the Youngstown area and operated under the name Wilcom Cellular.

## THE PARTIES

2. Emsat is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located at 101 Southbend Court, Loveland, Ohio.

3. LBS is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 500 Newport Center Drive, Newport Beach, California.

4. On information and belief, United States Cellular Corporation is a corporation incorporated under the laws of the State of Delaware, with its principal executive offices at 8410 West Bryn Mawr, Suite 700, Chicago, Illinois, 60631.

## JURISDICTION AND VENUE

5. Plaintiffs bring this action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*

6. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendant in that it has committed acts within West Virginia and in this judicial district, and other judicial districts throughout the United States, which give rise to this action, and it has established minimum contacts with the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

8. Upon information and belief, Defendant has committed acts within this judicial district giving rise to this action, including making sales, making offers for sale, and providing service and

2

support to its respective customers in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(c) and 1400(b).

## BACKGROUND

9. Upon information and belief, Defendant is in the business of deploying and operating cellular, or "wireless," telephone networks.

10. In the early 1990's, the cellular telephone industry was much smaller but was growing into a very large business. Cellular telephone networks had numerous problems including the generation of false roaming charges, where for example a caller subscribing to one network that covered one geographic area (e.g., the Youngstown, Ohio area) would suddenly begin using another network covering a neighboring geographic area (e.g., Western Pennsylvania) even where that caller had never left his/her own network's geographic area.

11. Several persons working at a small cellular service provider in Youngstown, Ohio named Sygnet Wireless, including Everett Dennison ("Dennison"), invented a solution to this problem. Their solution involved combining certain features of the cellular system with location-finding technology to create a location-aware network that could determine the exact geographic location of the telephone and, in turn, use that information to improve the operation of the cellular telephone network by, for example, avoiding the generation of false roaming charges. Further, in solving this problem, the inventors also realized that their new location-aware network enabled the provision of location-based services, such as location-based emergency 911 calls, for the first time. In such a location-based emergency 911 call, the network could concurrently determine and transmit the location of cellular

telephones to nearby emergency call centers, also known as "Public Safety Answering Points" ("PSAP's").

12. In 1991, Dennison and his co-inventors filed for the first of several issued patents (the "Dennison Patents") covering their invention. Plaintiff Emsat is the assignee of the Dennison Patents. Plaintiff LBS is the exclusive licensee of the Dennison Patents, and possesses the exclusive right to sue for past, present, and future infringement of the Dennison Patents.

13. Upon information and belief, some five years after the filing of the first patent application resulting in the Dennison patents, in 1996 the Federal Communications Commission ("FCC") established the Enhanced 911 ("E911") program. Under "Phase 2" of the E911 program, all cellular telephone service providers in the United States must be capable of providing the location of cellular telephones to PSAP's with a specified accuracy for a specified percentage of wireless calls.

14. The methods and systems involved in deploying a mobile E911 system as described above are substantially similar to those required to deploy so-called "commercial" location-based services to cell phone subscribers. In fact, commentators have asserted that the FCC-required development of mobile E911 systems allowed the wireless carriers, such as Defendant, to develop and deploy commercial location-based services. These location-based services permit the cell phone user, often for a fee, to use his or her cell phone as a navigation device, to locate nearby products and services and to find friends, among other things.

15. Upon information and belief, Defendant offers for sale, sells, uses, and/or induces the use, offer for sale, and sales of location-based services and systems for cellular telephones. Upon information and belief, these services and systems infringe the following Dennison Patents: U.S. Patent

4

Nos. 5,946,611 ("the '611 Patent"), 6,324,404 ("the '404 Patent"), 6,847,822 ("the '822 Patent") and 7,289,763 ("the '763 Patent").

## COUNT I - INFRINGEMENT OF THE '611 PATENT

16. Plaintiffs incorporate each of the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. Upon information and belief, Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '611 Patent, all without the consent or authorization of Plaintiffs. Such infringement includes Defendant's offer for sale, sale, use, and/or inducement of the use, offer for sale, and sales of mobile E911 services.

18. As a proximate result of Defendant's aforesaid acts and conduct, Plaintiffs have been damaged in an amount to be determined at trial.

19. Plaintiff Emsat provided Defendant with specific notice of the '611 patent.

20. Plaintiffs are entitled to recover from Defendant damages adequate to compensate for the infringement.

## COUNT II - INFRINGEMENT OF THE '404 PATENT

21. Plaintiffs incorporate each of the allegations in paragraphs 1 through 15 as if fully set forth herein.

22. Upon information and belief, Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '404 Patent, all without the consent or authorization of Plaintiffs. Such infringement includes Defendant's offer for sale, sale, use, and/or inducement of the use, offer for sale, and sales of mobile E911 services.

23. As a proximate result of Defendant's aforesaid acts and conduct, Plaintiffs have been damaged in an amount to be determined at trial.

24. Plaintiffs are entitled to recover from Defendant damages adequate to compensate for the infringement.

## COUNT III -INFRINGEMENT OF THE '822 PATENT

25. Plaintiffs incorporate each of the allegations in paragraphs 1 through 15 as if fully set forth herein.

26. Upon information and belief, Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '822 Patent, all without the consent or authorization of Plaintiffs. Such infringement includes Defendant's offer for sale, sale, use, and/or inducement of the use, offer for sale, and sales of mobile E911 services and other location based-services, including at least the services known by the following names: etrace Expressway, etrace Standard, etrace Pro, and etrace Pro with Nav.

27. As a proximate result of Defendant's aforesaid acts and conduct, Plaintiffs have been damaged in an amount to be determined at trial.

28. Plaintiffs are entitled to recover from Defendant damages adequate to compensate for the infringement.

## COUNT IV -INFRINGEMENT OF THE '763 PATENT

29. Plaintiffs incorporate each of the allegations in paragraphs 1 through 15 as if fully set forth herein.

30. Upon information and belief, Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '763 Patent, all without the consent or authorization of Plaintiffs. Such infringement includes Defendant's offer for sale, sale, use, and/or inducement of the use, offer for sale, and sales of mobile E911 services and other location based-services, including at least the services known by the following names: Your Navigator, Rand McNally StreetFinder Wireless, etrace Expressway, etrace Standard, etrace Pro, and etrace Pro with Nav.

31. As a proximate result of Defendant's aforesaid acts and conduct, Plaintiffs have been damaged in an amount to be determined at trial.

32. Plaintiffs are entitled to recover from Defendant damages adequate to compensate for the infringement.

## NOTICE OF PUBLISHED PATENT APPLICATION

33. Plaintiffs incorporate each of the allegations in paragraphs 1 through 15 as if fully set forth herein.

34. U.S. Patent Application Pub. No. US 2008/0014965 A1 ("the '965 Publication") to Dennison et al., entitled *Cellular Telephone System That Uses Position Of A Mobile Unit To Make Call Management Decisions*, was published on January 17, 2008.

35. Upon information and belief, Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more claims of the '965 Publication, all without the consent or authorization of Plaintiffs. Such infringement includes Defendant's offer for sale, sale, use, and/or inducement of the use, offer for sale, and sales of mobile E911 services

and other location based-services, which may include the services known by the following names: Your Navigator, Rand McNally StreetFinder Wireless, etrace Expressway, etrace Standard, etrace Pro, and etrace Pro with Nav.

36. Defendant is hereby provided actual notice of the '965 Publication and Plaintiffs' provisional rights to a reasonable royalty from Defendant for the period of infringement beginning on the date of publication of the application for such patent and ending on the date the patent issues.

37. Once the '965 Publication issues as a patent Plaintiffs will amend their pleadings to allege infringement of such patent and seek damages adequate to compensate for the ongoing infringement and a reasonable royalty for the period of infringement prior to when such patent issued.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor against Defendant and grant the following relief:

A. Adjudge and decree that Defendant has infringed and is currently infringing, inducing others to infringe, and committing acts of contributory infringement, with respect to the '611, '404, '822, and '763 Patents;

B. Grant Plaintiffs compensatory damages in an amount to be determined at trial, including both pre-judgment and post-judgment interest; and

C. Award Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of all issues so triable in this action.

Respectfully submitted,

_/s/ [signature]_
Attorneys for Plaintiffs EMSAT Geo-Location Technology, LLC and Location Based Services LLC

**PAUL T. TUCKER, ESQ.** (W.Va. Bar No. 3811)
**BACHMANN, HESS, BACHMANN & GARDEN, P.L.L.C.**
1226 Chapline Street
P. O. Box 351
Wheeling, WV 26003
304-233-3511